Dear Mayor Fontenot:
You have asked for an Attorney General's Opinion on the issue of a veto override vote by the New Iberia Board of Trustees (the "Board") which occurred on July 20, 1999.
The facts as you present them are as follows:
As Mayor, you vetoed a resolution of the Board on July 15, 1999. At a July 20, 1999, meeting of the Board, a motion was made to override the veto. Four trustees voted in favor of the motion and two opposed. The one remaining trustee abstained from the vote.
The City of New Iberia operates under a legislative charter. Section 14 of the Charter states that the Board shall reconsider any item vetoed by the Mayor, "and if passed by the votes of two-thirds of the members of the board shall become adopted without his signature."
The Board consists of seven trustees. A veto override requires a two-thirds vote of the Board or five of the seven trustees. As succinctly stated by this office in Opinion Number 93-398, relative to Section 14 of New Iberia's Charter:
 This provision can very simply be construed to mean what it states — "members of the board" means the total membership of seven trustees, not a "majority of the members of the board" which is the typical definition of a quorum. As seven trustees constitute the "members of the board", five votes are necessary to fulfill a two-thirds vote of the membership. Therefore, five votes are necessary to override the mayor's veto.
The abstention caused the final vote on the proposed override to be four trustees in favor and two opposed. Falling short of the required five votes needed to override your veto, the motion fails.
I trust this addresses your concerns. Please contact this office if you need further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CARLOS M. FINALET, III
ASSISTANT ATTORNEY GENERAL
RPI/CMF:mjb